IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON VIOLA, et al.,

      Plaintiffs,

v.                                            Civil Action No. 1:22-CV-94
                                       Judge Kleeh

THE CITY OF MORGANTOWN,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Pending before the Court is Plaintiffs' Motion to Remand [ECF No. 5]. For the reasons discussed herein, that motion is **GRANTED** and this matter is hereby remanded to the Circuit Court of Monongalia County, West Virginia, for any further proceedings.

## I.   PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the Circuit Court of Monongalia County, West Virginia, on September 7, 2022. ECF No. 1 at ¶ 1. In their Complaint, Plaintiffs, members of the City of Morgantown Police Department, allege several causes of action including violations of the West Virginia Constitution, retaliation, violations of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-3, violations of the West Virginia Whistle-Blower Law, W. Va. Code § 6C-1-1, and violations of public policy. ECF No. 1-1. On September 9, 2022,

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Defendant City of Morgantown removed the matter to this Court claiming jurisdiction existed under 28 U.S.C. § 1331.  Id. at ¶ 7.

Plaintiffs filed their Motion to Remand on October 14, 2022. [ECF No. 5]. That motion has been fully briefed [ECF Nos. 8 and 9] and is the subject of this Memorandum Opinion and Order. On October 24, 2022, Plaintiffs filed their Motion to Dismiss.  [ECF No. 6]. That motion has also been fully briefed.  [ECF Nos. 11 and 12].

## II.  FACTUAL BACKGROUND

Plaintiff Brandon Viola is a Police Officer with the Morgantown Police Department and serves as President of Monongalia-Preston Fraternal Order of Police Lodge #87.[1] He works as a sworn law enforcement officer for the Defendant City of Morgantown.  His fellow plaintiffs also work for Defendant as law enforcement officers, and all but five are members of Monongalia-Preston Fraternal Order of Police Lodge #87 ("the police union"). They are:

    1.   Aaron Dull
    2.   Alexandra Arthurs
    3.   Austin Bittner
    4.   Benjamin Forsythe
    5.   Bernie Molek
    6.   Bradley Palmer
    7.   Brandon Viola
    8.   Chad Reyes

---

[1] All facts recited herein are found in Plaintiffs' Complaint. ECF No. 1-1.

**Viola et al. v. Morgantown**                                      **1:22-CV-94**

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

```
 9.   Chad Shade
10.   Chad Webster
11.   Christopher Caldwell
12.   Christopher Mayle
13.   Cody Yankulic
14.   Ian Nuzum
15.   J. Scott Bernosky
16.   Jared Blosser
17.   Jared LaNeve
18.   Jeremy Basinger
19.   Jonathan Failinger
20.   Joseph Patterson
21.   Joshua Frantz
22.   Joshua Nabors
23.   Justin Judy
24.   Kenneth Murphey
25.   Kyle Sappington
26.   Lucas Holder
27.   Mark Trump Jr.
28.   Marlee France
29.   Marshall Foster
30.   Matthew Solomon
31.   Matthew Starsick
32.   Molly Linthicum
33.   Monica Brun
34.   Nicholas Schmidle
35.   Nicole Scott
36.   Randy Michael
37.   Robert Balderson
38.   Ryan Stallings
39.   Sikarin Iambamrung
40.   Tyler Bradford
41.   Tyler Holder
42.   Zachary Trump
43.   Zane Breakiron
```

In their Complaint, Plaintiffs allege they work as civil service employees of Defendant. They further allege both Defendant and they collectively are covered under the WPCA.

Viola et al. v. Morgantown                                    1:22-CV-94

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Plaintiffs and Defendant have been embroiled in litigation in various forums and before various tribunals for years now. In 2021, the police union filed a petition for injunctive relief and declaratory judgment, seeking to enjoin Defendant from creating a Civilian Police Review Board, which invites citizen participation in reviewing the police department's practices and investigating complaints. At the hearing in December 2021, the Honorable Susan B. Tucker granted the police union's petition for injunctive relief and declaratory judgment. In May 2022, the police union sued the Defendant again. It alleged the Defendant failed to comply with a Freedom of Information Act ("FOIA") request related to the 2022 Wage and Compensation Study. That FOIA request sought information from Defendant to "see if the City of Morgantown is paying City employees (especially, though not limited to, Police Officers) reasonable and competitive wages." Compl. ¶ 44. Defendant eventually provided the 2022 Wage and Compensation Study.

On July 1, 2022, Defendant reduced police officer pay and benefits. Compl. ¶ 48. On September 7, 2022, Plaintiffs filed this matter in the Circuit Court of Monongalia County, West Virginia. The same day, they filed a Demand with the Police Civil Service Commission of the City of Morgantown for a public hearing on the allegedly unlawful "new pay and compensation scheme" enacted by

**Viola et al. v. Morgantown**                                          **1:22-CV-94**

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Defendant.  ECF No. 5 at 4.  On September 20, 2022, Defendant removed the case, alleging federal question jurisdiction. 28 U.S.C. §§ 1441, 1331.

Here, Plaintiffs allege Defendant violated West Virginia Constitution Article III, Section 16 in allegedly reducing police officer pay in retaliation for seeking redress of grievances in court.  Compl. ¶¶ 76-82.  Plaintiffs further claim Defendant violated West Virginia Code § 55-7E-2 by retaliating against them. Id. at ¶¶ 83-88.  Plaintiffs further allege Defendant violated the WPCA, West Virginia Code § 21-5-1 et seq., in allegedly changing paid time off and other benefits.  Id. at ¶¶ 89-106.  Plaintiffs also allege violations of the West Virginia Whistleblower Law, West Virginia Code § 6C-1-1 et seq. Id. at ¶¶ 97-108.  They seek an array of damages for these claims.  Nowhere does Plaintiffs' Complaint cite or even mention any federal law – constitutional, statutory, or otherwise.

### III. DISCUSSION

**A. Removal Jurisdiction**

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction.  This requirement can be based upon diversity jurisdiction or federal question jurisdiction.  See 28 U.S.C.

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

§ 1441.  A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332.[2]  Further, a federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  This jurisdiction must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim.  See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

The burden of demonstrating jurisdiction generally resides with the defendant.  See Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921).  Likewise, the plaintiff's role in the context of disputes about removability is also clearly defined: the plaintiff is the master of his or her claim.  See Oklahoma Tax Comm'n v. Graham, 489 U.S. 838 (1989).  This means that "if [the plaintiff] chooses not to assert a federal claim . . . or properly joins a nondiverse party, defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of the case."  14B

---

[2] Defendant does not suggest diversity jurisdiction under 28 U.S.C. § 1332 exists here; therefore, the Court will not address that potential jurisdictional basis.  Defendant must therefore demonstrate federal question jurisdiction is present.

**Viola et al. v. Morgantown**                              **1:22-CV-94**

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Charles Wright, <u>Federal Practice and Procedure</u>, § 3721, p. 59
(2009).  Moreover, as the Fourth Circuit has indicated, if federal
jurisdiction is doubtful, the case must be remanded.  <u>See</u> <u>Mulcahey
v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Federal question jurisdiction exists if "a federal question
is presented on the face of the plaintiff's properly pleaded
complaint."  <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392
(1987); <u>see also</u> <u>W. Va. State Univ. Bd. of Governors v. Dow Chem.
Co.</u>, 23 F.4th 288, 297 (4th Cir. 2022) (referencing "the well-
pleaded complaint rule, which, absent diversity, prohibits removal
unless a federal question appears on the face of the complaint").
As such, a defendant may not rely on a federal defense to a state
law claim as a basis for removal.  <u>See</u> <u>Topeka Housing Auth. v.
Johnson</u>, 404 F.3d 1245, 1247 (10th Cir. 2005).  Thus, the well-
pleaded complaint rule makes the plaintiff "the master of the
claim; he or she may avoid federal jurisdiction by exclusive
reliance on state law."  <u>Caterpillar, Inc.</u>, 482 U.S. at 392.

Even a cursory reading of Plaintiffs' complaint reveals the
complete absence of any semblance of a federal claim on that
pleading's face.  In the Complaint, Plaintiffs assert a multitude
of causes of action against their employer under **West Virginia**
law: violation of Article 3, § 16 of the West Virginia

Viola et al. v. Morgantown                                    1:22-CV-94

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Constitution; violation of the WPCA, W. Va. Code § 21-5-1 et seq.;

violation of the state's Whistleblower Law, W. Va. Code § 6C-1-1,

et seq.; and common law claims for retaliation and violation of

public policy as defined under West Virginia law.  See generally

Compl.

### B. Embedded Federal Question

As Plaintiffs accurately state in their pending motion,

Defendant fails to cite any provision of the Complaint to support

its claim a federal question exists here.  Instead, Defendant

argues it "must rely on" the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 203, to defend the matter.  ECF No. 8 at 4.  The City

goes on to argue its "defense to these claims necessarily involves

a detailed discussion of its pay policies and demonstration of how

those comport with the FLSA, which applies to how Plaintiffs'

hourly wage and overtime rate is determined."  Id. at 7.

Presumably recognizing such defenses cannot establish the basis

for proper removal,[3] Defendant urges this Court to find an

---

[3] "[I]t is now settled law that a case may not be removed to federal
court on the basis of a federal defense, including the defense of
pre-emption, even if the defense is anticipated in the plaintiff's
complaint, and even if both parties concede that the federal
defense is the only question truly at issue."  Caterpillar, 482
U.S. at 393 (citing Franchise Tax Bd. of Cal. v. Constr. Laborers
Vacation Trust for S. Cal., 463 U.S. 1, 12 (1983)); see also
Burrell v. Bayer Corp., 918 F.3d 372, 381-82 (4th Cir. 2019).

**Viola et al. v. Morgantown**                                    **1:22-CV-94**

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

"embedded federal question" in Plaintiffs' state law claims and assert jurisdiction in this matter.

"[W]hen a claim finds its origins in state rather than federal law, federal courts have identified a 'special and small category' of cases in which arising under [federal question] jurisdiction still lies." W. Va. State Univ. Bd. of Governors, 23 F.4th at 307 (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). Exceptions to the well-established "arising under" standard of federal law are "extremely rare." Gunn v. Minton, 568 U.S. 251, 257 (2013). Defendant claims one such exception – under Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005) — applies here. ECF No. 1 at ¶¶ 8-9.

Under that limited exception, courts must assess whether the "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

**Viola et al. v. Morgantown**                                    **1:22-CV-94**

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Congress." <u>Gunn</u>, 568 U.S. at 258. If all four of these requirements are met, then jurisdiction is proper because there is a "'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." <u>Id.</u> (quoting <u>Grable</u>, 545 U.S. at 313–314). However, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Merrell Dow Pharms., Inc. v. Thompson</u>, 478 U.S. 804, 813 (1986). Likewise, "the mere assertion of a federal interest [is] not enough to confer federal jurisdiction." <u>Empire Healthchoice</u>, 547 U.S. at 701.

The Fourth Circuit has also provided guidance on this limited exception to the well-pleaded complaint rule. Even if state law creates the claims asserted by the plaintiff, federal question jurisdiction nonetheless is proper in cases in which "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." <u>Pinney v. Nokia, Inc.</u>, 402 F.3d 430, 442 (4th Cir. 2005). To remove a case in which state law creates the plaintiff's cause of action, a defendant "must establish two elements: (1) that the

**Viola et al. v. Morgantown**                                       **1:22-CV-94**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]**

---

plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." <u>Dixon v. Coburg Daily, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004).

### 1. Necessarily Raised

Turning to the <u>Grable</u> factors, the first prong of the analysis requires the court to consider whether the "state-law claim **necessarily** raise[s] a stated federal issue." 545 U.S. at 314 (emphasis added). This is satisfied when "it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims." <u>Franchise Tax Bd.</u>, 463 U.S. at 13. Here, this factor weighs against finding an embedded federal question sufficient to confer federal jurisdiction in the absence of a federal claim on the Complaint's face. Specifically, resolution of questions arising under the FLSA may – but do not necessarily – impact aspects of Plaintiffs' claims. Defendant cites the "common" allegation in each of Plaintiffs' claims that their pay has been reduced. ECF No. 1 at ¶ 11. The mere mention of changes or reductions in pay or other compensation, however, does not make FLSA issues "necessarily raised."

Defendant's best chance at satisfying the "necessarily raised" factor lies in Plaintiffs' WPCA claim. In Count 3,

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Plaintiffs allege Defendant violated the WPCA in not timely or properly paying wages and benefits, including paid time off and holiday pay. ECF No. 1-1. West Virginia Code § 21-5-1(c) defines wages to include fringe benefits that are capable of calculation and payable directly to the employee. The terms of employment determine if such benefits qualify as wages under the WPCA. See Syl. Pt. 5, Meadows v. Wal-Mart, Inc., 530 S.E.2d 676, 679 (W. Va. 1999). "The determination as to whether "wages," as defined in West Virginia Code § 21-5-1(c), are payable pursuant to the requirements of West Virginia Code § 21-5-1 et seq. is governed by the terms of the employment agreement, whether written or in the form of a consistently applied unwritten policy." Syl. Pt. 5, Adkins v. Am. Mine Rsch., Inc., 765 S.E.2d 217, 218 (W. Va. 2014).

The terms and conditions of employment can arise from a variety of sources. Over time, the Supreme Court of Appeals of West Virginia has turned to employee handbooks, policy manuals and unwritten but consistently applied payroll practices to determine the terms and conditions of employment for WPCA purposes. See, e.g., Gress v. Petersburg Foods, LLC, 592 S.E.2d 811, 815 (W. Va. 2003) (citing employment policies) and Ingram v. City of Princeton, 540 S.E.2d 569 (W. Va. 2000) (citing consistently applied, unwritten payroll practices). Nothing in either West Virginia

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Code § 21-5C-1(c) or cases interpreting that definition necessarily requires consideration of FLSA definitions or requirements. While it is possible FLSA issues **could** inform or even decide the determination of wages, as defined under the WPCA, it is not a **necessary** component of any statutory definition implicated in Plaintiffs' Complaint.

The parties spend significant time discussing the impact of Harper v. Massey Coal Services, Inc., No. 2:10-0894, 2011 WL 322558 (S.D.W. Va. Feb. 2, 2011), on this matter. In Harper, Judge Copenhaver addressed whether an employee's claims under the West Virginia Minimum Wage and Maximum Hour Standards, W. Va. Code § 21-5C-1 et seq., presented an embedded federal question such that removal, despite the absence of a federal claim on the complaint's face, was proper. He reasoned that because the plaintiffs' claim depended upon their ability to satisfy the statutory definition of "employer," which expressly relies upon federal wage and hour law, the Grable-Pinney factors were satisfied such that the Southern District of West Virginia had "arising under" jurisdiction.[4]

---

[4] In Harper, the relevant statutory definition specifically excluded any "employer . . . if 80 percent of the persons employed by him are subject to any federal act relating to minimum wage, maximum hours and overtime compensation." West Virginia Code § 21-5C-1(e). The WPCA contains no similar reference to federal law in either its definitions or otherwise.

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Specifically, Judge Copenhaver noted the plaintiffs bore the burden to prove they brought their claim against a "covered employer" triggering the statute's application and, should the plaintiffs fail there, no claim under the Minimum Wage and Maximum Hour Standards would lie.  He found that definition so dependent upon federal law that its determination was necessary, disputed, and substantial and that exercising jurisdiction would not disturb the balance between federal-state judicial responsibilities.[5]

Contrary to Defendant's position, this case presents quite a different scenario from Harper.  The statutory definitions applicable to Plaintiffs' WPCA claims, unlike the definitions at issue in Harper, do not reference or rely upon any federal statutory scheme.  As noted, questions of federal wage and hour law may not even be relevant to Plaintiffs' WPCA claims.  This is not to say the FLSA will have no bearing upon whether Plaintiffs state viable WPCA claims.  Instead, the Court cannot conclude that adjudication of any federal question including the FLSA is so necessary to Plaintiffs' claims that exercise of this "rare" form of jurisdiction would be proper.  See Empire Healthcare, 547 U.S.

_____

[5] Plaintiffs dedicate significant effort to assailing Judge Copenhaver's reasoning and conclusion including citation to other district court decisions reaching a contrary result.  As the specific question presented in Harper is not present here, this Court need not address that issue.

**Viola et al. v. Morgantown**                                           **1:22-CV-94**

MEMORANDUM OPINION AND ORDER GRANTING<br>PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

---

at 701 ("In sum, <u>Grable</u> emphasized that it takes more than a federal element 'to open the "arising under" door.'" (citing <u>Grable</u>, 545 U.S. at 313)); <u>Eller v. Jackson Kelly PLLC</u>, 2011 WL 672054, at *9 (S.D.W. Va. Feb. 14, 2011) (Johnston, J.) ("Not one element of Plaintiffs' claims requires resolution of this, or any other, federal question.").

Plaintiffs' other claims do not offer any better support for Defendant's position. The remaining claims, although referencing changes or reduction in pay or benefits, allege improper motives for doing so and appear to largely be adverse action employment claims. Certainly, no essential element of any of those causes of action specifically incorporates or relies upon any federal question, FLSA or otherwise. Like the WPCA claim asserted in Count 3, the remaining claims may – but do not necessarily – require adjudication of federal questions.[6]   Defendant has failed to

---

[6] For the same reasons discussed <u>infra</u>, the Court finds that any potential federal question implicated by Plaintiffs' other claims is not sufficiently substantial to warrant assertion of "arising under" jurisdiction. The issues raised, in particular Defendant's motive in allegedly altering the terms and conditions of Plaintiffs' employment, are so fact-specific that they limit the applicability of the claimed federal dispute here to this case alone. Conjuring "arising under" jurisdiction pursuant to 28 U.S.C. § 1331 here would also disrupt the Congressionally-sought balance between federal and state courts. Plaintiffs' claims against their employer are not uncommon and, by and large, are litigated in West Virginia courts every day. There is nothing

15

Viola et al. v. Morgantown                                1:22-CV-94

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

demonstrate Plaintiffs' claims necessarily raise federal issues

creating federal jurisdiction. See Ryan Env't, Inc. v. Hess Oil

Co., 718 F. Supp. 2d 719, 722 (N.D.W. Va. 2010) (Keeley, J.)

("Removal statutes are strictly construed against the party

seeking removal, and the burden of establishing jurisdiction rests

on that party.").

### 2. Substantial Federal Issue

Turning to the "substantial" factor, the Court finds

Defendant fails to satisfy this Grable element as well.  As Judge

Goodwin of the Southern District of West Virginia summarized,

> the Supreme Court in Empire Healthchoice
> outlined the factors "that affect the
> 'substantiality' [i.e., the second Grable
> prong] of a federal interest in that case or
> issue: (1) whether the case includes a federal
> agency, and particularly, whether that
> agency's compliance with the federal statute
> is in dispute; (2) whether the federal
> question is important (i.e., not trivial); (3)
> whether a decision on the federal issue will
> resolve the case (i.e., the federal question
> is not merely incidental to the outcome); and
> (4) whether a decision as to the federal
> question will control numerous other cases
> (i.e., the issue is not anomalous or
> isolated).

---

apparent in this record justifying let alone requiring federal
adjudication of such claims as Defendant urges.

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Craddock v. Adon Network, Inc., No. 2:10-CV-01401, 2011 WL 1601331, at *4 (S.D.W. Va. Apr. 27, 2011) (citing Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir. 2007)).

No federal agency is party to this litigation nor is any such agency's compliance with federal law at issue.  As discussed above, the potential federal question is just that – potentially at issue.  At this juncture, it is difficult to define what federal question may possibly be implicated in Plaintiffs' claims.  Neither of the first two factors counsel in favor of finding a substantial federal issue at play here.

With respect to the last two factors, this Court has also previously considered the expansion of removal jurisdiction under the Grable rubric.  As Judge Bailey summarized,

> The Supreme Court of the United States has distinguished cases that involve "nearly 'pure issue[s] of law' . . . 'that [can] be settled once and for all'" from those that are "fact-bound and situation specific."  Id. at 700–01.  Or, as Justice Cardozo put it, a "common-sense accommodation of judgment to [the] kaleidoscopic situations" that present a federal issue, in "a selective process which picks the substantial causes out of the web and lays the other ones aside."  Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 117–18 (1936).

Adkins Energy, Inc. v. Dominion Transmission Inc., No. 5:16-CV-151, 2017 WL 462009, at *3 (N.D.W. Va. Feb. 2, 2017) (Bailey, J.).

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

The final factor "requires the court to determine whether resolution of the alleged federal issue would control numerous other cases, not whether resolution of the question of federal subject-matter jurisdiction will govern numerous other cases." Craddock, 2011 WL 1601331, at *6 n.1.  This case, like many wage and hour claims, whether brought expressly under the FLSA or state law like the WPCA, is quite "fact-bound and situation-specific." Empire Healthcare, 547 U.S. at 700.  The Complaint sets out a lengthy and detailed factual chronology upon which Plaintiffs rely here.  The non-wage and hour claims focus on Defendant's state of mind and motivation.  Claims involving such elements are often fact-intensive jury questions. See Magill v. Gulf & W. Indus., Inc., 736 F.2d 976, 979 (4th Cir. 1984) ("Summary judgment is seldom appropriate in cases in which particular states of mind are decisive elements of claim or defense, because state of mind is so often proved by inferences from circumstantial evidence and by self-serving direct evidence.").  There is no "pure" question of federal law that would resolve not only this dispute but others in the future.  These factors likewise weigh against finding a substantial federal question here that requires exercise of jurisdiction under Grable-Pinney.

### 3. Federal-State Judicial Balance

**Viola et al. v. Morgantown**                                    **1:22-CV-94**

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Lastly, the Court must consider whether Defendant can satisfy the final prong: "that removal of this state-law case and the multitude of cases just like it would be consistent with the congressionally approved balance of federal and state judicial responsibilities." <u>Burrell</u>, 918 F.3d at 386 (citing <u>Grable</u>, 545 U.S. at 314). "The Supreme Court has 'consistently emphasized that, in exploring the outer reaches of [section] 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.'" <u>Rose Acre Farms, Inc. v. N. Carolina Dep't of Env't & Nat. Res.</u>, 131 F. Supp. 3d 496, 504 (E.D.N.C. 2015) (quoting <u>Merrell Dow</u>, 478 U.S. at 810).

Defendant's proposed exercise of jurisdiction here would inappropriately upset the balance between federal and state courts. Plaintiffs arguably could have asserted certain of their grievances under the auspices of the FLSA. They consciously chose a different path.[7]  Here, Defendant seeks to usurp that choice via

---

[7] Plaintiffs, of course, do so at their own potential peril. The WPCA "does not establish a particular rate of pay, . . . [but] instead, it controls the manner in which employees in West Virginia are paid wages, and it imposes on employers an obligation to pay employees' wages in a timely manner." <u>Gregory v. Forest River, Inc.</u>, 369 F. App'x 464, 465 (4th Cir. 2010) (internal citations and quotations omitted). Regardless, Plaintiffs, as masters of their Complaint, are free to assert claims of their choosing and

**Viola et al. v. Morgantown**                                              **1:22-CV-94**

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

an "extremely rare" gambit – injecting a federal question into a
complaint devoid of any such issue but overflowing with state law
causes of action.  To sanction this procedural maneuver would be
to "federalize" any claim under the WPCA.  See, e.g., Hanna v. CFL
Pizza, LLC, No. 6:11-CV-1837-ORL-22, 2012 WL 515875, at *6 (M.D.
Fla. Jan. 30, 2012); Fabro v. Aqua-Aston Hospitality, LLC, No. CV
16-00467 DKW-RLP, 2017 WL 449587, at *4 (D. Haw. Feb. 2, 2017).
This would offend any concept of federalism and potentially prompt
a flood of state-law WPCA and garden-variety employment claims
being removed to a federal forum in the absence of express federal
question jurisdiction when the circuit courts of West Virginia are
more than capable of adjudicating such disputes. See Empire
Healthchoice, 547 U.S. at 701 ("The state court in which
the . . . suit was lodged is competent to apply federal law, to
the extent it is relevant . . ."). This factor likewise requires
remand here.

Courts "are obliged to construe removal jurisdiction strictly
because     of     the     "significant     federalism     concerns"
implicated. . . .  Therefore, if federal jurisdiction is doubtful,
a remand to state court is necessary." Maryland Stadium Auth. v.

---

to forego claims that may subject them to undesired forums.
Defendant cannot so easily substitute its choice for Plaintiffs'.

**Viola et al. v. Morgantown**                                    **1:22-CV-94**

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (internal
quotations and citations omitted).  There is no doubt here after
assessing the relevant factors.  The Court finds Defendant has
failed to satisfy the Grable factors demonstrating an embedded
federal question exists in Plaintiffs' Complaint investing this
Court with jurisdiction under 28 U.S.C. § 1331.  Plaintiffs' claims
do not necessarily raise a disputed and substantial federal issue.
Moreover, asserting jurisdiction over Plaintiffs' state law claims
would inappropriately affect the balance between federal and state
courts.  Therefore, this Court lacks subject matter jurisdiction
and remand is necessary.

### C. Attorneys' Fees

In addition to their request for remand, Plaintiffs also ask
this Court to award them their attorneys' fees.  "An award of
attorneys' fees under § 1447 is not automatic but should only be
awarded where 'the removing party lacked an objectively reasonable
basis.'" Henry v. Kingwood Mining Co., LLC, No. 1:09CV16, 2009 WL
10676866, at *1 (N.D.W. Va. June 15, 2009) (Keeley, J.) (quoting
Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005)).
Although the Court granted Plaintiffs' remand motion, the Court
does not believe that Defendant so lacked an objectively reasonable
basis in seeking removal that an award of fees and costs is

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

warranted here.  Very little, if any, authority addressing the
WPCA's potential for satisfying embedded federal question
jurisdiction exits.  The same can be said of Plaintiffs' other
claims.  In fact, most of the cases cited by the parties and
discussed herein by the Court deal with other wage and hour
statutes.  Among those, there exists a divergence of thought on
whether other West Virginia statutes present sufficiently
substantial federal questions to constitute "arising under"
jurisdiction.  Compare Harper, 2011 WL 322558, with Craddock, 2011
WL 1601331.  Considering all relevant circumstances, Defendant's
removal does not satisfy the lofty standard required to impose an
award of attorneys' fees and costs despite the Court's remanding
the matter to the Circuit Court of Monongalia County.  Plaintiffs'
request for attorneys' fees is **DENIED.**

### D. Other Pending Motions

Plaintiffs filed a Motion to Dismiss Defendant's
counterclaims [ECF No. 6].  This Court has no authority to consider
this motion.  "Unfortunately, however, without either diversity
or federal question jurisdiction, any judgment rendered by this
Court would be immediately vacated on appeal for lack of subject
matter jurisdiction."  Inkrote v. Prot. Strategies Inc., No. 3:09-
CV-51, 2009 WL 3295042, at *8 (N.D.W. Va. Oct. 13, 2009).  Thus,

**Viola et al. v. Morgantown**                                    **1:22-CV-94**

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [ECF NO. 5]

the Court directs the Clerk to **TERMINATE** the motion to dismiss from the Court's docket.

### IV   CONCLUSION

For the reasons discussed above, the Motion to Remand [ECF No. 5] is **GRANTED**. This action is hereby **REMANDED** to the Circuit Court of Monongalia County, West Virginia.

The Clerk shall **STRIKE** this action from the Court's active docket and **TERMINATE** Plaintiffs' Motion to Dismiss [ECF No. 6] as the Court lacks subject-matter jurisdiction to decide it.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and the Circuit Clerk of Monongalia County, West Virginia.

**DATED:** May 4, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA